# UNITED STATES DISTRICT COURT
### Eastern District Of Michigan

| UNITED STATES OF AMERICA | § | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| | § | |
| v. | § | |
| | § | Case Number: 0645 2:16CR20460 (10) |
| **Michael Richardson** | § | USM Number: 55095-039 |
| | § | **John M. McManus** |
| | § | Defendant's Attorney |

**THE DEFENDANT:**

| ☒ | pleaded guilty to count(s) | **1 and 18 of the Second Superseding Indictment** |
|---|---|---|
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18 U.S.C. §§ 1962(d) and 1963(a)/Racketeering Conspiracy | 11/30/2016 | 1s |
| 18 U.S.C. § 924(c)(1)(A)(i)/Possession of a Firearm in Furtherance of a Drug Trafficking Crime | 10/26/2016 | 18s |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ The Court dismissed Counts 16 and 17 on a motion of the United States

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**October 9, 2018**
Date of Imposition of Judgment

**s/Mark A. Goldsmith**
Signature of Judge

**The Honorable Mark A. Goldsmith**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**October 10, 2018**
Date

AO 245B (Rev. 09/17) Judgment in a Criminal Case                                                                 Judgment -- Page 2 of 8

DEFENDANT:         Michael Richardson
CASE NUMBER:    0645 2:16CR20460 (10)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

27 months on Count 1 and 60 months on Count 18, to run consecutive.  The Court waived the cost of incarceration.

☒ The court makes the following recommendations to the Bureau of Prisons:
   Placement at Milan Federal Correctional Institution (FCI).

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____    ☐ a.m.    ☐ p.m.    on _____

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Michael Richardson
CASE NUMBER: 0645 2:16CR20460 (10)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 3 years on Count 1 and 5 years on Count 18, to run concurrently. The Court waived the cost of supervision.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT: Michael Richardson
CASE NUMBER: 0645 2:16CR20460 (10)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____    Date _____

DEFENDANT:         Michael Richardson
CASE NUMBER:       0645 2:16CR20460 (10)

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program approved by the probation department for substance abuse, which may include testing to determine if the defendant has reverted to the use of drugs or alcohol, if necessary.

2. The defendant shall submit his person, residence, office, vehicle(s), papers, or place of employment, and any property under his control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner based upon a reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

3. The defendant shall not be a member of or associated with any group oriented in whole or in part toward criminal purpose, commonly referred to as a "gang." Defendant shall not be found in the social company of any person who defendant knows or reasonable ought to know is a member of or associated with such a gang. The defendant shall not possess, wear or display in any manner any insignia, emblem, hat, scarf, bandana or article of clothing which is designed, arranged, or used in any way to symbolize membership in, affiliation with or approval of a gang. The defendant shall not possess, wear or display any article of clothing to which any insignia or name (including, for example, either a designer's name or symbol), which is easily discernable from a distance or more than 10 feet. The defendant shall not at any time use his hand or body signals of such kind as are associated with signifying membership in, affiliation with or approval of a gang. The defendant shall acquire no tattoos, body markings or piercing of any kind.

4. The defendant shall enroll and participate in a Cognitive Behavior Therapy program (CBT) as approved by the probation officer, if necessary.

AO 245B (Rev. 09/17) Judgment in a Criminal Case    Judgment -- Page 6 of 8

DEFENDANT: Michael Richardson
CASE NUMBER: 0645 2:16CR20460 (10)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $200.00 | Not Applicable | Waived | Not Applicable |

☐ The determination of restitution is deferred. An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.
  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution
  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/17) Judgment in a Criminal Case                                                                                       Judgment -- Page 7 of 8

DEFENDANT:           Michael Richardson
CASE NUMBER:     0645 2:16CR20460 (10)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payments of $200.00 due immediately.

☐ not later than _____, or

☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $_____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $_____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

The Court waives the imposition of a fine, the costs of incarceration and the costs of supervision, due to the defendant's lack of financial resources.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ Defendant shall receive credit on restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
**Please see Page 8.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

DEFENDANT:       Michael Richardson
CASE NUMBER:     0645 2:16CR20460 (10)

## ADDITIONAL FORFEITED PROPERTY

Pursuant to 18 U.S.C. Section 1963(a)(1)-(3), defendant shall forfeit to the United States the following:

a. White LG smart phone, model: LG-MS450, Serial Number 608VTWP247009;
b. LG Flip Phone, model LG-MS450, Serial Number 608CYFT262155;
c. AT&T flip phone, model: Z222, Serial Number 325152966093;
d. Gold and white iPhone, model A1687, with plastic case;
e. Samsung DVR with power cord, model: SDR-C75300N, Serial Number 325152966093;
f. Samsung 8 GB Tablet, model: SM-T230NU, Serial Number R526B2966FF;
g. Black and Blue LG Flip Cell Phone, model: MS450, Serial Number 603CYDG100946, no back;
h. Apple iPad model; A1432, Serial Number DMQNT4HHFP84;
i. Apple iPhone, Model: A1432, FCC ID BCG-E2817A, cracked screen;
j. .45 caliber handgun, Glock, Model: 30, Serial Number YWK825;
k. Apple Macbook Pro model: A1278, Serial Number C1MJ23G8DTY4;
l. White Samsung Cell Phone with Charger MODEL: SM-G360T1, Serial Number none visible; and
m. .30 caliber Glock Pistol, Model 30, Serial Number TVX513.

Pursuant to 18 U.S.C. Section 924(d) and 28 U.S.C. Section 2461(c), defendant shall forfeit to the United States the following: .45 caliber handgun, Glock, Model: 30, Serial Number YWK825.

The Preliminary Order of Forfeiture entered by the Court on 10/5/18 (ECF 534) is incorporated herein by this reference.