f UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                   Case No. 16-20460
                                                      Hon. Mark A. Goldsmith

vs.

MICHAEL RICHARDSON,

       Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT MICHAEL RICHARDSON'S MOTION FOR**
**COMPASSIONATE RELEASE (Dkt. 1317) WITHOUT PREJUDICE**

This matter is before the Court on Michael Richardson's motion for compassionate release (Dkt. 1317). Because Richardson has not exhausted his administrative remedies, his motion for compassionate release must be denied without prejudice.

Richardson seeks compassionate release under the First Step Act of 2019, Pub. L. 115-391, 132 Stat. 5194. The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences, United States v. Sapp, No. 14-cr-20520, 2020 WL 515935, at *1 (E.D. Mich. Jan. 31, 2020). Generally, federal courts cannot "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after considering the sentencing factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A).

Before seeking compassionate release from federal courts, however, prisoners must "fully exhaust[ ] all administrative rights" or else they must wait for 30 days after the warden's "receipt of [their] request." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit recently held, among other things, that there are no statutory exceptions to this exhaustion requirement. United States v. Alam, 960 F.3d 831, 835-836 (6th Cir. 2020). When faced with an unexhausted motion for compassionate release, district courts must dismiss the motion without prejudice. See id. at 836 ("If (rather than dismissing) we sat on untimely compassionate release motions until the 30-day window ran its course, we could end up reviewing stale motions.").

Richardson has not fully exhausted his remedies. Richardson filed his motion on July 10, 2020, which was less than 30 days after he had sent his request for compassionate release to the Warden. Request to Warden, Ex. 1 to Gov't Resp. (Dkt. 1323-1). Therefore, in light of the Sixth Circuit's clear instruction on exhaustion, Richardson's motion for compassionate release (Dkt. 1317) must be dismissed without prejudice.

SO ORDERED.

Dated: December 30, 2020         s/Mark A. Goldsmith
Detroit, Michigan                MARK A. GOLDSMITH
                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 30, 2020.

                                 s/Karri Sandusky
                                 Case Manager